## HORACE L. SAVERY
### v.
## WILLIAM THURSTON.

PARTNERSHIP.—Losses sustained to stock in trade or partnership assets purchased with the money of the firm, must be borne by the firm.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed May 2, 1879.

Mr. C. M. BRAZEE, for appellee; that affirmative relief may be granted on an answer taken as a cross-bill, cited Thielman v. Carr, 75 Ill. 385.

Upon the question of partnership. Parsons on Partnership, 69, 224, 401; Niehoff v. Dudley, 40 Ill. 406; Baxter v. Rodman, 3 Pick. 435; Burton v. Goodspeed, 69 Ill. 237.

MURPHY, P. J. This was a bill in chancery exhibited in the Circuit Court of Winnebago county by the appellant, against the appellee, praying that an account be taken and stated between the parties touching the matters and interests connected with an alleged partnership theretofore existing between them. On the hearing of the cause in the court below, a decree was entered against the appellant for the sum of $96.00, from which said decree, the complainant in that court prayed an appeal to this court, and brings the record here (by agreement), and assigns numerous errors, only a part of which will it be necessary for us to consider. It is sufficiently disclosed by the bill

and answer of the parties, that on or about the 21st day of September, 1870, they formed and entered into a co-partnership for the purpose of carrying on in the city of Chicago the business of butter merchants.

That about the time above stated they commenced such business under the firm name of Thurston & Savery, and continued the same unt'l the 11th day of November, 1871, when the partnership was dissolved by the act of complainant.

By the terms of the contract of partnership the complainant was to furnish the necessary capital to run the business, and a certain portion of which was to offset the personal experience and skill of the defendant in the business, and for the excess so furnished by him to the firm over and above such sum, the firm was to pay him interest at the rate of ten per cent. per annum. It is not easy to determine from the proof just the amount for which the firm was to so pay interest, and for want of proof on that point, the Master to whom the case was referred to take the proof and state the account, decided in his findings not to allow the complainant any interest, which we think, under the state of the proof in the case, was a proper disposition to make of that question.

The point on which we think the case must turn, is the decree of the court below in respect to a loss occasioned by the great conflagration in Chicago, of October 8th and 9th, 1871. It is disclosed by the record that the fixtures and other firm assets, amounting in value to $861.00, were destroyed by fire; and the court below held and decreed that the loss should be borne by the complainant alone, and not by the firm.

This we think was error.

If, as is alleged in the bill and admitted by the answer, the parties to this suit formed a co-partnership for the purpose of carrying on the business, the complainant to furnish the capital and credit himself on the firm books with the same, and that by the use of such capital the articles, fixtures and goods were purchased, it is difficult to perceive any good reason why the firm should not bear the loss. It is difficult to see on what legal principle the complainant should be charged individually with the loss.

It is urged by the appellee that by the terms of the partnership the firm was to be liable only for such loss as arises from or is incident to the business, and claim that loss by fire is not a loss arising from or incident to such business. To this view we cannot yield our assent.

If the partnership in fact was entered into, as it is manifest it was, then, as matter of law, losses sustained by such business, or injury to the stock in trade, or partnership assets, are losses which must fall upon and be borne by the firm. They are the natural and usual perils of such business, and should be charged against the firm, as the Master has by his report charged and stated it. For such error the decree of the court below is reversed and cause remanded, with directions to that court to approve the Master's report.

Reversed and remanded.